**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

SCOTT M. RUNYON,

  Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

  Defendant.

**COMPLAINT**

NOW COMES SCOTT M. RUNYON, through undersigned counsel, SULAIMAN LAW GROUP, LTD., complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as follows:

**NATURE OF THE ACTION**

1.     This action is seeking redress for invasion of privacy by seclusion as well as violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      SCOTT M. RUNYON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Littleton, Colorado.

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") is a corporation organized under the laws of Illinois.

8.      State Farm has its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.

9.      State Farm is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

10.      Upon information and belief, State Farm's outbound telemarketing efforts include the use of an automatic telephone dialing systems ("ATDS") to solicit consumers nationwide.

11.      The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

12.      Upon information and belief, State Farm uses technology that has the capacity to produce telephone numbers using a random or sequential number generator in order to contact as many consumers as possible to market services to.

13.      An ATDS allows telemarketing agents to only communicate with consumers who answer their phone.

14.      Consequently, State Farm shifts the burden of wasted time to consumers through its unsolicited calls and messages.

## FACTUAL ALLEGATIONS

15.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 8898.

16.     At all times relevant, Plaintiff's number ending in 8898 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18.     Years ago, interested in automobile insurance, Plaintiff requested information from State Farm.

19.     Ultimately, however, Plaintiff decided against obtaining insurance through State Farm.

20.     At that time, Plaintiff vividly recalls asking State Farm to stop calling.

21.     Unfortunately, these telemarketing/solicitation phone calls continued.

22.     On multiple occasions, Plaintiff answered these calls.

23.     Each time, Plaintiff was met with clear pause – prompting Plaintiff to say "Hello, Hello, Hello" prior to being connected to an agent.

24.     Each time, Plaintiff informed State Farm that he previously requested these calls cease prior to repeating his previous request(s).

25.     Unfortunately, Plaintiff continues to receive these phone calls from numbers leading back to State Farm – including, (720) 441-1500.

26.     *All in all*, State Farm placed (or caused to be placed) no less than twenty (20) unwanted and *unconsented-to* phone calls to Plaintiff.

27.     State Farm's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

28.     Concerned with having had his rights violated, Plaintiff sought counsel to ensure that State Farm's persistent and unwanted phone calls ceased.

## CLAIMS FOR RELIEF

### COUNT I:
### Invasion of Privacy by Seclusion

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.     In Colorado, "to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. App. 1998), *cert. denied* (Colo. Mar. 1, 1999).

31.     This tort can encompass conduct such as persistent and unwanted telephone calls.  *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003) (citing *High-Tech Inst.*, 972 P.2d, at 1067.

32.     State Farm's repeated and harassing telephone calls to Plaintiff violated Plaintiff's right to privacy based on an intrusion upon his seclusion.  *See Dunlap v. McCarthy*, 284 Ark. 5, 678 S.W.2d 361 (1984); see generally W. Prosser & W. Keeton, Torts 117 (5th ed. 1984) (examples of intrusion upon seclusion include eavesdropping by wiretapping and persistent and unwanted telephone calls).

33.     Taking into account Plaintiff's multiple requests that State Farm stop calling, State Farm's persistent and unwanted telephone calls would be highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that State Farm violated Plaintiff's right to privacy based on an intrusion upon his seclusion;

B.      an award of actual damages;

C.      an award of punitive damages; and

D.      an award of such other relief as this Court deems just and proper.

### COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

34.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35.     Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

36.     Under the TCPA consent rules, some types of calls require prior express *written* consent, while other types of calls do not require that the consent be in writing.

37.     "Prior express *written* consent" is required for (a) all telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

38.     The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

39.     State Farm placed or caused to be placed no less than twenty (20) non-emergency telemarketing/promotional calls to Plaintiff's cellular telephone number ending in 8898 utilizing an ATDS without Plaintiff's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

---

[1] 47 C.F.R. §§ 64.1200(a)(2), (a)(3).

40.     Upon information and belief, based on the noticeable pause Plaintiff experienced, State Farm employed an ATDS to place calls to Plaintiff's cellular telephone.

41.     Upon information and belief, the ATDS employed by State Farm transfers the call to a live representative once a human voice is detected, hence the clear pause.

42.     Upon information and belief, the system employed by State Farm to place phone calls to Plaintiff's cellular telephone has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

43.     Upon information and belief, State Farm has no database to maintain and update consumers' contact preferences and consent to call them.

44.     As a result of State Farm's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive $500.00 in damages for each such violation.

45.     As a result of State Farm's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that State Farm violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all

issues in this action so triable of right.

DATED: March 24, 2020                     Respectfully submitted,

**SCOTT M. RUNYON**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com